_____

No. 95-3421
_____

At Xayasounethone,                     *
                                       *
                    Petitioner,        *
                                       *
          v.                           *
                                       * Petition for Review of an
Immigration and Naturalization         * Order of the Immigration
Service, Carl R. Houseman,             * & Naturalization Service
District Director, I.N.S.,             *
Janet Reno, Attorney General of        *    [UNPUBLISHED]
the United States of America,          *
                                       *
                    Respondents.       *

_____

          Submitted:  February 12, 1996

             Filed:  August 12, 1996
_____

Before McMILLIAN, LAY and HANSEN, Circuit Judges.
_____


PER CURIAM.


     At Xayasounethone (petitioner) seeks review of a final decision of
the Board of Immigration Appeals (BIA) dismissing his appeal from a
deportation order entered by an immigration judge (IJ) (hereinafter "IJ
order").  In re At Xayasounethone, No. A25 020 334 (B.I.A. Aug. 17, 1995)
(order dismissing appeal) (hereinafter "BIA order").  The sole issue raised
by this petition for review is whether the BIA erred in holding that
petitioner's conviction under Minnesota state law for assault in the second
degree constitutes a firearms offense within the meaning of § 241(a)(2)(C)
of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C).

In <u>Kao Vue v. INS</u>, No. 95-3421, slip op. at 6 (8th Cir. Aug. 12, 1996), we held that, in order for an offense to come within the meaning of § 1251(a)(2)(C), the use, etc., of a weapon must be an element of the offense of conviction and the weapon in question must be a firearm or destructive device. Whether the latter requirement has been met is a determination which the immigration judge may make by reviewing the record of conviction. Slip op. at 7. However, the information in the record of conviction demonstrating that a firearm or destructive device was used must not be mere surplusage. <u>Id.</u> at 9.

In the present case, the criminal offense for which petitioner was convicted has as an essential element the use of a "dangerous weapon." <u>See</u> Minn. Stat. Ann. § 609.222 (West 1993) (assault in the second degree). The IJ reviewed the criminal complaint as part of petitioner's record of conviction. IJ order at 5. Based upon that document, the IJ concluded that petitioner did in fact use a firearm in the commission of his offense. <u>Id.</u> Moreover, because the information regarding petitioner's use of a firearm demonstrated that an element of petitioner's offense had been satisfied, it was not mere surplusage.

Therefore, upon careful <u>de novo</u> review, we hold that the BIA did not err in determining that petitioner is deportable pursuant to 8 U.S.C. § 1251(a)(2)(C). The order of the BIA is affirmed. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.